# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 08-756V
### Filed: June 5, 2014
### TO BE PUBLISHED[1]

```
*********************************** *
CHRISTAL SCOTT, parent of TF, a minor,  *
                                        *
                     Petitioner,        *
                                        *
            v.                          *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES                      *
                                        *
                     Respondent.        *
                                        *
*********************************** *
```

Vaccine Act Interim Fees and Costs;
Attorney and paralegal hourly rates;
Reasonableness of claimed attorney hours
**(This Decision replaces Decision filed May 30, 2014)**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master.*

In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program")[2], Petitioner seeks, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1), an award for attorneys' fees and other costs incurred in attempting to obtain Program compensation in this case. After careful consideration, I have determined to grant the request in part, for the reasons set forth below.

## I

## PROCEDURAL BACKGROUND

The Petitioner, Christal Scott, filed this petition on October 23, 2008, alleging that her son, TF, was injured by several vaccinations. (Petition at 1.) Petitioner, at the time, appeared *pro se*, and no medical records accompanied the filing. The case was originally assigned to Chief Special Master Golkiewicz, and on December 2, 2008, in accordance with Special Master Golkiewicz' Order dated November 4, 2008, Petitioner filed the necessary medical records. (Order, ECF No. 5.)

---

[1] Because I have designated this document to be published, this document will be made available to the public unless petitioner files, within fourteen days, an objection to the disclosure of any material in this decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." See 42 U.S.C. § 300aa-12(d)(4)(b).

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. §300aa-10 et seq. (2012). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012).

On July 15, 2011, Petitioner's current counsel, Richard Gage, entered his appearance in the case (Motion, ECF No. 13), and on September 19, 2011, the case was reassigned to my docket. (Order, ECF No. 19.) On July 9, 2012, Petitioner filed affidavits and a request for a fact hearing. (ECF No. 27.) The fact hearing was held in Dallas, Texas, on December 11, 2012, and eleven fact witnesses testified. After the hearing, Petitioner was directed to file a complete (and in some instances reorganized) set of medical records. On October 21, 2013, Petitioner filed a statement of completion of the medical record. (ECF No. 66.)

Petitioner filed the instant request for Interim Attorneys' Fees and Costs on November, 14, 2013, seeking a total award of $38,717.93. (Petitioner's Application (hereinafter "Pet. App.") at 1.) Respondent filed an "Opposition" (hereinafter "Opp.") to Petitioner's application on December 2, 2013. (ECF No. 68.) Petitioner did *not* file a reply to that Opposition.

I filed a Decision concerning this fees on May 30, 2014, but subsequently withdrew that Decision. This Decision replaces that withdrawn Decision.

## II

## LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

### A.  General standards for awarding fees and costs

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. § 300aa-15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis. *Id.* "The determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS*, 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Rupert v. HHS*, 52 Fed. Cl. 684, 686 (2002); *Wilcox v. HHS*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. HHS*, No. 99-382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd*, 406 Fed.App'x. 479 (Fed. Cir. 2011); *Sabella v. HHS*, No. 02-1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Sept. 23, 2008), *aff'd in part and rev'd in part*, 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433-34). Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

## B.  Interim fees and costs

Interim attorneys' fees and costs are explicitly authorized by the binding precedent of the United States Court of Appeals for the Federal Circuit. *Avera v. HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. HHS*, 609 F.3d 1372, 1374 (Fed. Cir. 2010) ("the Vaccine Act permits [an] award of interim fees and costs"); *Cloer v. HHS*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012) ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."). *See also* Vaccine Rule 13(b) (mentioning "interim fees").

### III

### RESPONDENT'S ARGUMENTS

Respondent opposed the amount of Petitioner's request for attorneys' fees and costs, for six reasons.[3] First, Respondent contended that the hourly rate sought by attorney Richard Gage for the year 2013 is unreasonable.  (Opp. at 5-6.)  However, since the time of the Respondent's Opposition, the parties have reached an agreement as to the appropriate 2013 hourly rate for Mr. Gage, at the level of the $270 per hour requested.

Second, Respondent argued that the hourly rate sought for Mr. Gage's paralegal is unreasonable. (Opp. at 6-7.)  However, since the time of the Opposition, the issue of appropriate paralegal hourly rates has also been resolved by the parties.  Pursuant to that agreement, I will grant the agreed hourly rates-- $108 in 2011 and 2012, $110 for 2013 work.

Third, Respondent argued that certain of Mr. Gage's attorney hours are excessive. (Opp. at 7.) Specifically, Respondent complained that Mr. Gage used a "block billing" style, with "vague" descriptions of tasks.  However, I reviewed the pertinent pages of Petitioner's application for fees and saw no problem. Therefore, I make no reduction for this reason.

Fourth, Respondent questioned the reasonableness of Petitioner's additional counsel, Mr. Karz-Wagman, spending 43 hours preparing for the fact hearing held on December 11, 2012. (Opp. at 7.) However, this amount of time seems appropriate given the unusually large number of witnesses (11) involved in the hearing. Therefore, I will make no reduction in this regard.

Fifth, Respondent argues that Mr. Karz-Wagman billed his travel time at his full hourly rate, rather than at a one-half rate, and that this entry should therefore be reduced. (Opp. at 8.) It is common practice in Program proceedings to compensate hours spent traveling at one-half of the normal hourly attorney rate. *See, e.g.*, *King v. HHS,* No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. HHS*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. HHS*, No. 04-1500V, 2007 WL 2241877, at *6 (Fed. Cl. Spec. Mstr. July, 13, 2007); *Isom v.*

---

[3] Additionally, in the "Legal Standards" section of Respondent's Opposition, Respondent included a final sentence asserting, without explanation,  that Petitioner has failed to demonstrate "undue hardship," apparently implying that I should make no interim award at all at this time. But after my review of all the circumstances, I find that there was undue hardship, and that an interim award of attorneys' fees and costs is appropriate.

*HHS*, No. 94-770V, 2001 WL 101459, at *3 (Fed. Cl. Mstr. Jan. 17, 2001). Because I agree with Respondent that a one-half rate is often appropriate (*i.e.*, unless counsel asserts that he worked on the case during the travel time), and because Petitioner did not file a reply, I will compensate the travel entries at one-half of the claimed hourly rate.

Finally, Respondent objects to some of the paralegal hours billed between July 10, 2013, and July 18, 2013, as both excessive and vague. (Opp. at 8.) However, I reviewed the entries for this time period and have determined that they are reasonable. Accordingly, I will make no reduction.

IV

**SUMMARY OF REDUCTIONS**

In conclusion, I award Petitioner a total of $34,880.63 in attorneys' fees and costs. This amount was calculated as follows:

***A. Attorney Gage fees***

12.4 (2011-2012) attorney hours times $260.00 = $3,224.00

5.1 (2013) attorney hours times $270.00 = $1,377

***B. Paralegal fees***
2011 paralegal fees -- 8 hours times $108 = $864
2012 paralegal fees -- 32.9 hours times $108 = $3,553.20
2013 paralegal fees -- 49.5 hours times $110 = $5,445

***C. Attorney Gage costs***

Copy and postage costs = $513.73

Attorney expenses = $1,368.45

***D. Attorney Karz-Wagman fees***

Attorney fees = $19,310.00 less $1,520.00 (reduction for travel time) = $17,790.00

***E. Attorney Karz-Wagman costs and expenses***

Attorney expenses = $745.25

_____

Total = $34,880.63

# V

## CONCLUSION

For the foregoing reasons, I award Petitioner $34,880.63 in attorneys' fees and costs. The award shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel.

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master