# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 08-756V
Filed: September 26, 2014
(Not to be Published)[1]

* * * * * * * * * * * * * * * * * * * * * * * * *

CHRISTAL SCOTT,
parent of T.F., a minor,

        Petitioner,

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * *

Decision on Interim
Attorneys' Fees and Costs

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master*.

    In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program")[2], Petitioner seeks, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1), an award for attorneys' fees and other costs incurred in attempting to obtain Program compensation in this case. After careful consideration, I have determined to grant the request, for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. §300aa-10 et seq. (2006). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2006).

1

# I

# PROCEDURAL BACKGROUND

The Petitioner, Christal Scott, filed this petition on October 23, 2008, alleging that her son, T.F., was injured by several vaccinations. (Petition at 1.) Petitioner, at the time, appeared *pro se*, and no medical records accompanied the filing. The case was originally assigned to Chief Special Master Golkiewicz, and on December 2, 2008, in accordance with Special Master Golkiewicz' Order dated November 4, 2008, Petitioner filed the necessary medical records. (Order, ECF No. 5.)

On July 15, 2011, Petitioner's current counsel, Richard Gage, entered his appearance in the case (Motion, ECF No. 13). On September 19, 2011, the case was reassigned to my docket. (Order, ECF No. 19.) On July 9, 2012, Petitioner filed affidavits and a request for a fact hearing. (ECF No. 27.) The fact hearing was held in Dallas, Texas, on December 11, 2012, and eleven fact witnesses testified. After the hearing, Petitioner was directed to file a complete (and in some instances reorganized) set of medical records. On October 21, 2013, Petitioner filed a statement of completion of the medical record. (ECF No. 66.)

Petitioner filed a request for Interim Attorneys' Fees and Costs on November 14, 2013, representing expenses incurred by Petitioner through that date. (ECF No. 67.) Respondent filed Objections to Petitioner's application on December 2, 2013. (ECF No. 68.) On June 5, 2014, I filed a Decision granting Petitioner an award of interim attorneys' fees and costs, totaling $38,880.63. (ECF No. 77.)

On July 11, 2014, Petitioner filed a second request for Interim Attorneys' Fees and Costs, amounting to $2,505.80, to compensate for legal expenses incurred after November 14, 2013. (ECF No. 83.) On July 18, 2014, Petitioner's counsel filed a Motion to Withdraw as Attorney. (ECF No. 84.) Respondent filed "Objections" ("Resp. Objections") to Petitioner's second request on July 21, 2014. (ECF No. 86.)

# II

# LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

### A. *General standards for awarding fees and costs*

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. § 300aa-15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis. *Id.* "The determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS*, 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Rupert v. HHS*, 52

Fed. Cl. 684, 686 (2002); *Wilcox v. HHS*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

### B. *Interim fees and costs*

Interim attorneys' fees and costs are explicitly authorized by the binding precedent of the United States Court of Appeals for the Federal Circuit. *Avera v. HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. HHS*, 609 F.3d 1372, 1374 (Fed. Cir. 2010) ("the Vaccine Act permits [an] award of interim fees and costs"); *Cloer v. HHS*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012) ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."); *see also* Vaccine Rule 13(b) (mentioning "interim fees").

## III

## RESPONDENT'S ARGUMENTS

Respondent requests a denial of Petitioner's second request for interim fees and costs, because payment of such an award is "not appropriate at this juncture in the case." (Resp. Objections, p. 1.) Rather, Respondent argues that adjudication of attorneys' fees and costs should occur only "at the conclusion of the case." (*Id.*, p. 3.)

The factors that are relevant to a determination of whether to award interim fees, according to Respondent, are set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008). Those factors include whether the case involved protracted proceedings, whether there were expensive experts retained, and whether Petitioner had suffered undue hardship. (Resp. Objections, p. 2.) In citing to *Avera*, Respondent contends that this fees application should be denied because Petitioner has not demonstrated that she would suffer undue hardship as a result. (*Id.*, pp. 3-4.)

Respondent does not object to the specific amounts that Petitioner has requested for fees and costs, (*id.*, p. 4 n.2), nor does Respondent wish to argue that this petition was filed in bad faith or that it lacks a reasonable basis (*id.*, p. 3 n.1).

## IV

## DISCUSSION

On July 18, 2014, Petitioner's counsel filed a Motion to Withdraw as Attorney. (ECF No. 84.) That Motion stated that Petitioner, "Christal Scott, has instructed the undersigned [Richard Gage] to withdraw as her counsel in this matter. Petitioner is presently seeking counsel to represent her in this case." (*Id.*) Thus, it is clear that Petitioner intends to proceed with this case without counsel, until new counsel has been retained. While seeking new counsel, Petitioner will also be expected to seek and retain a medical expert to present her theory of causation.

The *general* argument that Respondent advances here -- that adjudication of attorneys' fees and costs should only occur at the conclusion of a case -- has been made many times previously, and rejected. In one such ruling, the court cited twenty cases in which special masters had granted interim fees when judgment concerning the merits had not yet been entered. *See, e.g.*, *Bear v. HHS*, No. 11-362V, 2013 WL 691963, at *3 (Fed. Cl. Spec. Mstr. Feb. 4, 2013)(finding the fact that counsel is withdrawing from representation does not in itself justify an interim award, but is a persuasive factor to be considered in the analysis); *Crutchfield v. HHS*, 2011 WL 3806351, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 4, 2011)(finding that an award of interim fees was appropriate when further proceedings would be protracted.)

Respondent cites *Avera*, 515 F.3d at 1352, and *McKellar v. HHS*, 101 Fed. Cl. 297, 300 (2011), apparently arguing therefrom that only several specific factors are relevant to a determination of when an interim fee award might be appropriate. (Resp. Objections, p. 2.) In *McKellar*, the court stated: "we view *Avera* to mean that some special showing is necessary to warrant interim fees, including but not limited to the delineated factors of protracted proceedings, costly experts, or undue hardship." *McKellar*, 101 Fed. Cl. at 301. Further, the court held that "the mere fact that an attorney plans to withdraw is not necessarily a hardship that triggers an award of interim attorneys' fees and costs." (*Id*. at 302.) Petitioner's request for interim fees was denied in *McKellar* because there was no showing of special circumstances.

The facts and procedural history of this case do not make for an apt comparison with *McKellar*. Petitioner's counsel in this case is not simply "planning" to withdraw, as in *McKellar*. Rather, counsel has been instructed to withdraw, *by Petitioner*. If respondent's legal interpretation is applied in this case, counsel would not be compensated at this time, but at some future date when the case concludes, and Petitioner would have the added burden of filing a request to compensate the attorney she has effectively discharged. Further, it is likely that ongoing proceedings in this case will be protracted, since it has been pending for almost six years at this time, Petitioner has already filed a substantial amount of evidence, and she continues to seek a probative expert opinion. *See, e.g., Woods v. HHS*, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012)(affirming the special master's award of interim fees and suggesting that when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate); *Lumsden v. HHS*, No. 97-588V, 2012 WL 1450520, at *4-6 (Fed.Cl.Spec. Mstr. Mar. 28, 2012)(awarding interim fees over respondent's objection when proceedings had been protracted and petitioner's attorney was withdrawing from the case); *Edmonds v. HHS*, No. 04-87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012)(awarding interim fees over respondent's objections when petitioner's counsel was about to withdraw.) I find that the overall circumstances of this case fit within the very broad guidelines suggested in the *Avera* opinion concerning when an interim award is appropriate.

**The request for interim attorneys' fees and costs is hereby granted.** Petitioners are awarded reasonable interim attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as I find that the petition was brought in good faith and upon a reasonable basis, and the amount requested is reasonable and appropriate. Accordingly, I hereby award the following attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1):

- a lump sum of $2,505.80, in the form of a check payable jointly to Petitioner and Petitioners' counsel, Richard Gage, on account of services performed by counsel's law firm.

## V
## CONCLUSION

For the foregoing reasons, I award Petitioner $2,505.80 in attorney's fees and costs. The award shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel.

**IT IS SO ORDERED.**

<u>/s/ George L. Hastings, Jr.</u>
George L. Hastings, Jr.
Special Master
